Filed 7/13/26 (See concurring opinion)

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| VICTOR VALLEY UNION HIGH SCHOOL DISTRICT, | |
| Petitioner, | E086569 |
| v. | (Super.Ct.No. CIVSB2220718) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| VICTORIA MAGISTRALE, | |
| Real Party in Interest. | |


ORIGINAL PROCEEDINGS; petition for extraordinary writ. Jeffrey Erickson, Judge. Petition denied.

Horvitz & Levy, Robert H. Wright, Karen M. Bray, Peder K. Batalden; Dolen, Tucker, Tierney & Abraham, Raymond F. Dolen and Leah A. Reeves for Petitioner.

No appearance for Respondent.

Andrews & Higgins, Anne Andrews, Sean Higgins, Ryan McIntosh, Kimberly Degonia and David Kao for Real Party in Interest.

Real party in interest Victoria Magistrale (Student) sued petitioner Victor Valley Union High School District (the District) for negligence in supervising and protecting her when she was a minor, from 1999 to 2001. (Code Civ. Proc., § 340.1 [extending the statute of limitations for childhood sexual assault].) In moving for summary judgment, the District asserted it was immune from liability pursuant to Education Code section 44808.[1] The trial court denied the District's summary judgment motion. The District petitions this court for a writ directing the trial court to vacate its order denying summary judgment and enter an order granting summary judgment. We deny the writ petition.

**FACTS**

A.    ALLEGATIONS AGAINST TEACHER

The narrative in this subsection is taken from the allegations in Student's first amended complaint, Student's response to the District's separate statement of undisputed material facts, and Student's deposition transcript.

Student was born in April 1984. From 1998 through 2001, Student attended Silverado High School, which is within the District. The District employed Mark Anthony Lizama (Teacher) as a math teacher and as an assistant commandant for the

---

[1]    All subsequent statutory references will be to the Education Code, unless otherwise indicated.

Reserve Officers' Training Cadet Corps program (ROTC) at Silverado High School. In 1999, Student participated in ROTC.

In November 1999, Student was 15 years old. During that month, after ROTC practice, Teacher offered to drive Student to St. Mary's Hospital where she would meet her mother or sister, and Student agreed. When leaving campus, Teacher and Student walked "out through the office, said goodbye to the office lady," and went to the parking lot. During the drive, Teacher stopped at his residence. In Teacher's bedroom, with the door shut, Student consumed approximately two shots of liquor, which Teacher offered to her. While sitting on the bed, Teacher and Student play wrestled. Teacher "unzipped his pants and took his penis out and put [it on Student's] chest." Student was visibly upset. Teacher stopped his actions, apologized, and drove Student home.

In April 2000, Student snuck out of her home. Teacher picked Student up, presumably from a location near her home (although the record is unclear), and drove her to his residence. Teacher again provided liquor, which Student consumed. Teacher led Student to his bedroom. Teacher was on top of Student, on his bed, and he moved toward her as if to kiss her, which is when Student passed out. Student awoke during the middle of the night at her own house with her underwear on backward and inside out and her bra missing, which caused her to suspect that she had been disrobed and redressed.

In May 2001, Student asked Teacher if he would sign-off on her community service completion form, despite Student not having completed her community service. Teacher agreed. Teacher drove to a location "up the street from [Student's] house,"

3

where Student met him. With Student in his vehicle, Teacher then drove to a remote and desolate area of the desert where he parked. Teacher offered Student alcohol, which she consumed. Teacher said he would leave Student in the desert if she did not engage in intercourse with him. Student felt trapped, so at Teacher's direction, Student orally copulated Teacher and engaged in intercourse with him. After engaging in intercourse, Teacher signed Student's community service form.

The next day, Student told her stepfather what had occurred. Student then reported the incidents to the police. In June 2001, the San Bernardino County District Attorney charged Teacher with unlawful sexual intercourse with a minor, with Student as the victim. (Pen. Code, § 261.5, subd. (c).) That same month, the District placed Teacher on leave, conducted an investigation, and then terminated Teacher's employment. In June 2008, within the same criminal case, an additional charge was added against Teacher—oral copulation with a minor, with Student as the victim. (Former Pen. Code, § 288A, subd. (b)(1).) In 2008, Teacher stood trial and was convicted on both counts.

B.    FIRST AMENDED COMPLAINT

In May 2023, Student filed a first amended complaint against Teacher and the District. As to the District, Student alleged it "failed to discharge [its] duty to use reasonable care to [(a)] supervise and protect [Student] at [Silverado High School] and [(b)] establish and enforce rules and regulations reasonably necessary . . . to protect her from sexual assault." Student contended the District breached its "duty to use due care

4

to hire, supervise, and retain STAFF, and to take other reasonable and necessary measures to supervise and protect [Student]" from Teacher's conduct.

### C. MOTION FOR SUMMARY JUDGMENT

In the District's motion for summary judgment, it asserted that it had complete immunity because the sexual assaults occurred off campus.[2] (§ 44808.)

In opposition, Student asserted that immunity does not apply when on-campus negligence results in an off-campus injury. Student asserted, "[Teacher] often drove students off campus in his vehicle while employed as a teacher at [Silverado High School]. . . . [Teacher] took [Student] off [Silverado High School's] campus and proceeded to sexually abuse her. . . . [Teacher] left the school with [Student] in his vehicle after walking through the classrooms and the office, and saying bye to the secretary. [Student] and [Teacher] exited the school parking lot in his personal vehicle."

In response, the District contended, "[T]here is zero evidence that any District supervisor was negligent on campus and proximately caused [Student's] off-campus injuries."

In denying summary judgment, the trial court wrote, "Construing the District's evidence strictly and [Student's] evidence liberally and viewing the evidence and inferences in the light most favorable to [Student], the Court finds the foregoing facts

---

[2] The District's motion for summary judgment included a second argument—that Student could not establish the negligence elements of foreseeability and causation. We do not present the details of that second contention because the District's writ petition is singularly focused on its claim of immunity.

raise a triable issue about whether [the] District negligently supervised [Student] while she was on campus or being instructed by or interacting with [Teacher.] [Citations.] For example, a jury could infer and conclude that [Teacher's] ability to walk through the school with [Student] after a school sanctioned [ROTC] activity, encounter at least one other school employee, then leave campus with [Student] in his own vehicle, might be an example of [the] District's negligent supervision of [Student], or [Teacher], or both."

## DISCUSSION

### A. PROCEDURE AND STANDARD OF REVIEW

A trial court must grant summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)

The District bore the burden of demonstrating Student's "cause of action has no merit," which means either "one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to the cause of action." (Code Civ. Proc., § 437c, subd. (p)(2).) If the District were to meet its burden, then "the burden shifts to [Student] to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).)

"We review the trial court's order denying [the District's] motion for summary judgment under the same legal standard as the trial court and independently assess the correctness of the ruling. [Citation.] '[W]e examine the record de novo, liberally construing the evidence in support of [Student] and resolving doubts concerning the

6

evidence in favor of [Student].' " (*CBRE v. Superior Court* (2024) 102 Cal.App.5th 639, 647.)

### B.    SECTION 44808 and *HOYEM*

Section 44808 provides in relevant part, "Notwithstanding any other provision of this code, no school district, . . . shall be responsible or in any way liable for the conduct or safety of any pupil of the public schools at any time when such pupil is not on school property, unless such district . . . has undertaken to provide transportation for such pupil to and from the school premises, has undertaken a school-sponsored activity off the premises of such school, has otherwise specifically assumed such responsibility or liability *or has failed to exercise reasonable care under the circumstances.*" (Italics added.)

In *Hoyem v. Manhattan Beach City School District* (1978) 22 Cal.3d 508, 512 (*Hoyem*), a 10-year-old student "arrived at school to attend classes but before the end of scheduled classes he left the school premises. At a public intersection a motorcycle struck [the student] and he was seriously injured." The student's mother argued that the student's "injuries were proximately caused by the school district's negligent supervision." (*Ibid.*) The issue before the Supreme Court was whether "a school district may ever be held liable when, as a result of school authorities' negligent supervision of students on school premises, a pupil leaves the school grounds during school hours and is subsequently injured by a motorist." (*Id.* at pp. 511-512.) In other words, the Supreme Court examined whether a school district can be liable for a negligent act on-campus that results in off-campus injuries.

7

In explaining why the school district could be held liable, the Supreme Court wrote, "[The school district's] emphasis on the Situs of the injury is totally misplaced. Contrary to [the school district's] assertion, no California decision suggests that when a school district fails to properly supervise a student on school premises, the district can automatically escape liability simply because the student's ultimate injury occurs off school property. [Citation.] Thus, in reversing the trial court decision in this case . . . we merely reaffirm that school districts must exercise reasonable care in supervising their pupils while the pupils are on school premises. A district may be held liable if its breach of that duty proximately causes a student's injury." (*Hoyem*, *supra*, 22 Cal.3d at pp. 515-516.)

In short, the Supreme Court held that the application of section 44808 depends upon the location of the alleged negligent act—not the location of the injury. (*Hoyem*, *supra*, 22 Cal.3d at p. 515.) If the alleged negligent act occurs on campus, then a school district does not have immunity under section 44808. If the alleged negligent act occurs off campus, then the immunity provision may apply.

Later in its opinion, the Supreme Court reiterated the distinction regarding the location of the negligent act versus the location of the injury: "In support of its contention that *the off-premises situs of* [*the student's*] *injuries* should absolve it of all responsibility, [the school district] relies on Education Code section 44808 . . . . . . . Although [the school district] contends that this statute cloaks the school with a blanket immunity *for off-campus injuries* unless the school undertakes to furnish off-campus supervision or sponsors an off-campus activity, neither the language nor the legislative

8

history of the statute supports such an interpretation." (*Hoyem*, *supra*, 22 Cal.3d at pp. 516-517 [italics added].) Once again, the Supreme Court concluded that the location of the injury is not the relevant consideration—it is the location of the alleged negligent act that matters. A school district can be held liable for on-campus negligence that proximately causes off-campus injuries. (*Id.* at p. 519.)

C. ANALYSIS

The District contends the trial court erred by rejecting its claim of immunity for off-campus injuries.

In the instant case, as in *Hoyem*, the alleged negligent act occurred on campus, while the injury occurred off campus. It is undisputed that Teacher and Student "left Silverado High School together. They walked through the classrooms and out through the office, said goodbye to the office lady as [Teacher] escorted [Student] to the parking lot." The District has provided no evidence of what measures, if any, were in place to try to prevent employees from transporting teenage students off campus. The evidence that a teacher openly escorted a student through campus, past another employee, into a parking lot, into his personal vehicle, and transported her off campus, without any measures in place to prevent such conduct could give one reason to conclude the District's "supervisory procedures fell below that degree of care which reasonably prudent persons would exercise." (*Hoyem*, *supra*, 22 Cal.3d at p. 519.) Because the alleged negligent act occurred on campus, the District has not demonstrated that it qualifies for immunity.

9

The District contends, "[T]he trial court's application of section 44808 makes no sense. The court recognized that all three sexual assaults alleged by [Student] occurred off campus." The District is mistaken. As the trial court explained, a trier of fact could determine that the District's failure to have any measures in place to try to prevent employees from transporting teenagers off campus "might be an example of the District's negligent supervision of [Student], or [Teacher], or both." The trial court's reasoning reflects it was focused on the District's alleged negligent act having taken place on campus. Thus, far from being nonsensical, the trial court's analysis follows our Supreme Court's holding in *Hoyem*, which is focused on the location of the alleged negligent act.

The District asserts, "If [Student] is suggesting that the District may be liable for on-campus harm, that was not the basis for her complaint." As we read Student's first amended complaint, she alleges the District's negligent act occurred on campus, which proximately caused Student's off-campus injury.

At oral argument in this court, the District asserted that we were incorrectly relying on *Hoyem's* liability analysis, when the District's contention is focused on immunity. When discussing the "immunity" provision that the District is relying on in the instant case—section 44808—the Supreme Court wrote, "section 44808, by its own terms, does not bar liability in the present case." (*Hoyem*, *supra*, 22 Cal.3d at p. 517.) In other words, the Supreme Court used words like "bar liability" when discussing the "immunity" statute. (*Ibid.*) This is likely because the statute (§ 44808), which the District refers to as an "immunity" statute, is phrased in terms of liability. For example,

10

the statute provides, "[N]o school district . . . shall be responsible or in any way *liable* for . . . ."  (§ 44808 [italics added].)  Accordingly, the District's view that *Hoyem* has a distinct "liability" section and a distinct "immunity" section is questionable.

Nevertheless, if one compares the section of the opinion that the District labels the "liability" section to the portion the District labels the "immunity" section, there is no difference in result.  In the "liability" section, the Supreme Court concluded, "[D]efendant's emphasis on the situs of the injury is totally misplaced.  Contrary to defendant's assertion, no California decision suggests that when a school district fails to properly supervise a student on school premises, the district can automatically escape liability simply because the student's ultimate injury occurs off school property." (*Hoyem*, *supra*, 22 Cal.3d at p. 515.)

In what the District characterizes as the "immunity" section, the Supreme Court explained, "In support of its contention that the off-premises situs of plaintiff's injuries should absolve it of all responsibility, defendant relies on Education Code section 44808 . . . .  Although defendant contends that this statute cloaks the school with a blanket immunity for off-campus injuries unless the school undertakes to furnish off-campus supervision or sponsors an off-campus activity, neither the language nor the legislative history of the statute supports such an interpretation."  (*Hoyem*, *supra*, 22 Cal.3d at pp. 516-517.)

### D.     CASES INVOLVING OFF-CAMPUS NEGLIGENT ACTS

For support, the District relies on intermediate appellate court cases involving alleged off-campus negligent acts.  We address two of those cases in turn.

11

1. *TAYLOR*

*Taylor v. Los Angeles Unified School District* (2025) 112 Cal.App.5th 769 (*Taylor*) concerned a school district employee who was hired by the parent of a student to babysit the student during the school district's winter break. (*Id.* at pp. 771-772.) When the babysitter brought the student home on December 26, the student was dying, and "[h]e died later that day from blunt trauma caused by physical beating." (*Id.* at p. 772.)

The appellate court concluded, "[The student's] death did not arise from a negligent act directly concerning him while on school premises, which carried over into off campus harm. [The student's parent] did not allege that [the school district] was negligent in supervising or caring for [the student] while he was on school premises. [Citation.] This case is therefore entirely unlike *Hoyem*." (*Taylor*, *supra*, 112 Cal.App.5th at p. 776.)

*Taylor* is distinguishable from the instant case because *Taylor's* alleged negligent act did not occur on campus. In the instant case, the District is allegedly liable because Teacher walked through the office with Student, walked into the parking lot, Student entered Teacher's vehicle, and they left the campus together, without any indication of a measure in place to stop such activity.

2. *CERNA*

A case heavily relied upon by the District is *Cerna v. City of Oakland* (2008) 161 Cal.App.4th 1340 (*Cerna*). In *Cerna*, "[a] motorist killed one child and injured others as they crossed a city street on their way to school." (*Id.* at p. 1344.) The victims and

12

their families sued the school district "for its alleged negligence in failing to assure safe school access." (*Ibid.*) The trial court granted summary judgment in favor of the school district on the basis that the school district "was not responsible for the safety of students outside school premises." (*Id.* at pp. 1344-1346.) *Cerna* is distinguishable from the instant case because the alleged negligent act in *Cerna* occurred off campus.

### 3. CONCLUSION

The foregoing cases involving alleged negligent acts occurring off campus are not relevant to our inquiry in the instant case. Student is not alleging that the District is liable for a negligent act that occurred off campus. Rather, Student is alleging that the District's negligent act occurred on campus, so the District is not immune from liability.

### E. OUR PRIOR CASES FOCUSED ON THE LOCATION OF THE INJURY

While the cases just discussed *ante* have observed *Hoyem's* distinction between the location of the negligent act and the location of the resulting injury, two prior opinions from this court failed to do so. We examine those two opinions.

### 1. MOSLEY

In the case of *Mosley v. San Bernardino City Unified School District* (2005) 134 Cal.App.4th 1260 (*Mosley*), a school district employee was driving in a public intersection when a high school student fell "off the rear portion of a van being driven by" the employee. The student died. (*Id.* at p. 1262.) Citing section 44808, the school district demurred to the plaintiffs' wrongful death action, and the trial court sustained the demurrer without leave to amend. (*Mosley*, at pp. 1262-1263.)

13

In *Mosley*, this court acknowledged the holding of *Hoyem*, writing that "[u]nder Education Code section 44808, the District would not be liable for injuries off campus and after school *unless they were the result of the District's negligence occurring on school grounds* or were the result of some specific undertaking by the District, which was then performed in a negligent manner." (*Mosley*, *supra*, 134 Cal.App.4th at p. 1264, italics added.) In other words, we recognized that a school district can be held liable for on-campus negligence that proximately causes off-campus injuries.

Despite acknowledging the holding of *Hoyem*, in *Mosley* this court failed to focus on where the alleged negligent act took place. For example, we did not indicate whether the alleged negligent act included letting the student be in/on the rear of the van, and where the student was when she climbed into or onto the rear of the van. Instead, we focused on where the injury occurred—at the public intersection. (*Mosley*, *supra*, 134 Cal.App.4th at pp. 1262-1265.) Thus, we decline to follow *Mosley* because it fails to adhere to *Hoyem*.

> 2.     *LEROY*

In *LeRoy v. Yarboi* (2021) 71 Cal.App.5th 737 (*LeRoy*), high school student Kennedy was bullied while at school. Kennedy reported the bullying to school administrators. The assistant principal referred Kennedy to the school psychologist and tried to stop contact between the primary bully and Kennedy, but the bullying persisted. Approximately two days after summer break started, Kennedy killed himself. (*Id*. at pp. 739-741.)

Kennedy's family sued the school district alleging "Kennedy committed suicide because of the bullying by . . . students, which [the school district] negligently failed to address and prevent." (*LeRoy*, *supra*, 71 Cal.App.5th at p. 741.) The trial court granted summary judgment because it found the school district was immune from liability under section 44808. (*Ibid.*)

On appeal, Kennedy's family argued that the school district was "liable for Kennedy's death under *Hoyem* because their negligent failure to protect him from bullying on campus led to his suicide." (*LeRoy*, *supra*, 71 Cal.App.5th at p. 743.) The school district "contend[ed] that even if [it] breached a duty they owed to Kennedy and [its] breach proximately caused Kennedy's injuries, [it was] immune from liability under section 44808." (*Id.* at p. 742.) This court agreed with the school district. (*Ibid.*)

This court wrote, "We acknowledge that some language from *Hoyem* suggests that school districts and their employees may be liable for *injuries a student suffers off-campus and after school*. [Citation.] But section 44808 has been interpreted as imposing liability on school[] districts for a student's *off-campus injury* only when 'the student is involved in activities supervised or undertaken by the school.' [Citation.] In fact, the 'consensus of decisions from the Court[s] of Appeal is that "section 44808 limits the liability of schools for after-hours, off-campus activity, absent a specific undertaking" ' by the school during which a student is injured." (*LeRoy*, *supra*, 71 Cal.App.5th at p. 743, italics added.)

Regrettably, we believe the court erred in the foregoing discussion of the law in *LeRoy*. As explained *ante*, *Hoyem* is focused on where the negligent act occurs—not

15

where the injury occurs. (*Hoyem*, *supra*, 22 Cal.3d at p. 515 ["[D]efendant's emphasis on the Situs of the injury is totally misplaced"].) By contrast, in *LeRoy*, we presented the law as though the location of the injury is the relevant issue, which is incorrect. Accordingly, we decline to follow *LeRoy*.

F.     *VALLEJO*

During oral argument, the District raised *Vallejo City Unified School District v. Superior Court* (2025) 118 Cal.App.5th 139 (*Vallejo*).

In *Vallejo*, *supra*, 118 Cal.App.5th 139, a student committed suicide at her father's home during the school's winter break. The student's parents sued the school district alleging the school district's employees "failed to protect [the student] from bullying at school, unreasonably responded to her expressions of suicidal ideation, and failed to properly inform them of the same." (*Id.* at p. 143.) The trial court denied the school district's summary judgment motion because it concluded that *Hoyem* "controlled and section 44808 was inapplicable." (*Ibid.*)

The appellate court reasoned, "Here, there is no dispute that [the student's] suicide occurred off-campus on January 2, 2023. . . . Therefore, like the *LeRoy* court, we conclude the District is immune from liability for the [parents'] suffering caused by [the student's] death under section 44808, even if the District breached a duty it owed to [the student] or the [parents]." (*Vallejo*, *supra*, 118 Cal.App.5th at p. 153.) The *Vallejo* court repeated, "the [school district] is immune from liability for the [parents'] claims premised on [the student's] off-campus suicide." (*Ibid.*)

16

The *Vallejo* opinion followed our flawed *LeRoy* opinion by focusing on where the injury/suicide took place, as opposed to where the alleged negligent act took place. Consequently, we decline to follow *Vallejo*.

## DISPOSITION

The writ petition is denied. The stay of trial court proceedings ordered by this court on January 21, 2026, is dissolved. Real party in interest is awarded her costs associated with the writ proceedings. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

CERTIFIED FOR PUBLICATION

MILLER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

17

[*Victor Valley Union High School District*, E086569]

RAPHAEL, J., concurring.

I

Education Code section 44808 provides that a school district shall not be "responsible or in any way liable for the conduct or safety of any pupil of the public schools at any time when such pupil is not on school property, unless [the district has assumed such liability] *or has failed to exercise reasonable care under the circumstances*." (Italics added.)[1]

Here, we are presented with two choices for what the italicized words mean. One (the plaintiff's view) is that they state that a school district can be liable for harm off school property if caused by the school district's negligent conduct. That is, the italicized words describe a basis for liability for off-campus damages. The second (the district's view) is that the italicized words allow liability only when the district assumes

---

[1] The full text of Education Code section 44808 (section 44808):

Notwithstanding any other provision of this code, no school district, city or county board of education, county superintendent of schools, or any officer or employee of such district or board shall be responsible or in any way liable for the conduct or safety of any pupil of the public schools at any time when such pupil is not on school property, unless such district, board, or person has undertaken to provide transportation for such pupil to and from the school premises, has undertaken a school-sponsored activity off the premises of such school, has otherwise specifically assumed such responsibility or liability or has failed to exercise reasonable care under the circumstances.

In the event of such a specific undertaking, the district, board, or person shall be liable or responsible for the conduct or safety of any pupil only while such pupil is or should be under the immediate and direct supervision of an employee of such district or board.

1

responsibility for pupils' conduct off school property.  That is, the words modify the previous language about assuming responsibility for pupils off campus.

The first view reflects the provision's text.  A sentence reading ". . . unless X or Y" makes X and Y independent exceptions.  Read naturally, section 44808 imposes no liability for off-campus harm unless the district either assumes responsibility or fails to exercise reasonable care.  That is, the failure to exercise reasonable care is a separate basis for liability from assuming responsibility.

In contrast, the district's view is not a persuasive reading of the statutory text.  The disjunctive "or" forecloses reading the final clause as modifying the preceding ones.  The district reads the statute as if it said "and" rather than "or."  If the statute had said "and," then the italicized language would explain that the "circumstances" identified are those where the district has assumed responsibility for the students.  Because the statute says "or," the "circumstances" involved are a different set from those in which the district has assumed responsibility for the children.  The language allows liability where a district either has assumed responsibility *or* has failed to exercise reasonable care.

Our Supreme Court confirmed this reading of section 44808's language in *Hoyem v. Manhattan Beach City School District* (1978) 22 Cal.3d 508 (*Hoyem*).  The Court recognized that the "initial portion" of the provision stated that the school district was not responsible for student safety off school property.  (*Id*. at p. 517.)  But then the Court explained that "the section goes on to explicitly withdraw this grant of immunity whenever the school district, inter alia, '*has failed to exercise reasonable care under the*

2

*circumstances*.' " (*Ibid*.)  The Court thus treated negligence as an independent basis for liability.  Our Supreme Court, then, did *not* read "exercise reasonable care" in section 44808 as the school district would like, as applying *only* when the school district has assumed responsibility for a student off campus.  Rather, section 44808 offers no immunity "whenever" the school district has failed to exercise reasonable care.  (*Hoyem*, at p. 517.)

The point is underscored by the Supreme Court's footnote discussing the legislative history of the provision:  "The intent of the Legislature is clear: when a school district fails to exercise reasonable care the immunity of this section evaporates." (*Hoyem*, *supra*, 22 Cal.3d at p. 517, fn. 2.)  Again, that is *not* the district's reading, which would limit the exception to cases in which the district has assumed responsibility for the student.

It is technically permissible for the district to characterize these Supreme Court statements as non-binding dicta, as "only the ratio decidendi of an appellate opinion has precedential effect." (*Trope v. Katz* (1995) 11 Cal.4th 274, 287.)  But that is no reason to disregard the Supreme Court's analysis.  "[I]t is well settled that our high court's " 'dicta generally should be followed, particularly where the comments reflect the court's considered reasoning." ' " (*People v. Glukhoy* (2022) 77 Cal.App.5th 576, 589.)  Further, in the context before us we should not restrict the Supreme Court's dicta, as the "basic rule" is that governmental immunity does not apply unless Legislature has " 'clearly provided' " for it.  (*Milligan v. City of Laguna Beach* (1983) 34 Cal.3d 829, 835.)

3

Yet more problematic for the district's position is that *Hoyem* approved of district liability for an off-campus injury due to negligence, where a district had allowed a young student to leave school grounds. Consequently, the district's interpretation of section 44808 must allow liability for *some* off-campus injury proximately caused by negligence. *Hoyem* did not proceed on a "specific undertaking" theory—the Court grounded liability in the district's ordinary duty to "exercise reasonable care in supervising their pupils while the pupils are on school premises." (*Hoyem*, *supra*, 22 Cal.3d at p. 516.) To preserve its statutory reading, the district must therefore categorize the result based on a restriction not in the statutory text and not identified by the Supreme Court—namely, that the statute does not immunize injuries during normal school hours—where the Court instead asked only whether on-campus negligence was a proximate cause of an injury.

We are bound by statutes and our Supreme Court's opinions. (See *Leon v. County of Riverside* (2023) 14 Cal.5th 910, 930-931 [reaffirming 1974 opinion interpreting an immunity statute and disapproving a dozen Court of Appeal opinions that failed to follow it].) Both the statutory text and the Supreme Court's interpretation confirm that negligence is an independent basis of liability. Our Supreme Court has said that if a district has not exercised reasonable care, the section's immunity "evaporates." Unless the Supreme Court says otherwise, we should take it at its word.

II

I have five other observations about this issue, which turns on whether a school district can be held liable if its negligence proximately causes harm to a student when off

4

campus. That is, whether a school district can be liable by knowingly or negligently allowing a teacher to assault a student *wherever* that student is when the assault happens (the plaintiff's view) or if the district can be liable *only* if the assault occurs on campus (the district's view).

First, some Court of Appeal cases call it "absurd" to treat "reasonable care" as an independent basis for liability for off-campus injuries, reasoning that this would make section 44808 say that a district is never liable in negligence unless it is negligent. (See *Vallejo City Unified School Dist. v. Superior Court* (2025) 118 Cal.App.5th 139, 150 (*Vallejo City*).) That objection conflates two kinds of liability that section 44808 treats differently: vicarious liability for an employee's off-campus conduct and direct liability for the district's own negligence.

Absent section 44808, a district would face broad *vicarious* exposure for what its employees do off campus. Every public school teacher is charged with holding pupils to "strict account for their conduct on the way to and from school." (Ed. Code, § 44807.) Under ordinary principles of respondeat superior, a breach of that duty, even an employee's negligent or intentional tort committed off campus, could expose the district to liability. (See *Oxnard Union High School Dist. v. Teachers Ins. Co.* (1971) 20 Cal.App.3d 842, 844; *Rogers v. Centrone* (1968) 261 Cal.App.2d 361, 365; see also *Dailey v. Los Angeles Unified School Dist.* (1970) 2 Cal.3d 741, 747 & fn. 3 [discussing a school district's vicarious liability under Gov. Code § 815.2].) In enacting section 44808

5

in 1972, the Legislature sought to limit district liability for students traveling to and from school.  (*Hoyem*, *supra*, 22 Cal.3d at p. 517 & fn. 2.)[2]

Section 44808 eliminates a district's vicarious liability for an employee's off-campus conduct, even when performed within the scope of employment.  (*Hoyem*, *supra*, 22 Cal.3d at p. 517 & fn. 2.)  But the reasonable-care clause preserves something narrower and different—liability for the district's *own* negligence, for instance in its hiring, training, or "supervisory procedures."  (*Hoyem*, at p. 519.)  So read, section 44808 is not circular:  it eliminates one species of liability (vicarious responsibility for an employee's off-campus acts) while leaving another intact (direct liability for the district's own failure of care through the actions of administrators or supervisors).  The latter is sometimes also called vicarious liability because the district can act only through people, but the two types of liability are analytically distinct.

Secondly, quite a few code provisions identify situations where public entities are immunized absent negligence, but liable *if* negligent.  (See Gov. Code § 830.8 [failure to provide traffic signs]; Gov. Code § 831.7 [hazardous recreational activities]; Gov. Code

---

[2]  The current section 44807 used to be numbered as section 13557, and, when the current section 44808 was enacted, the Legislature numbered it as section 13557.5.  (*Education Review of Selected 1972 California Legislation*, 4 McGeorge L. Rev. 441, 453-454.)  Contemporaneous analysis of the legislation stated that before 1972, district liability for pupils off campus was "unclear," but in general districts were liable only when "teacher liability could be established under section 13557 for pupils going to and from school."  (*Id*. at p. 454.)  The analysis stated that the current section 44808 apparently was meant to clarify that school districts were exempt from responsibility and liability off-campus "unless certain circumstances exist; i.e., the school district in some way assumes the responsibility or fails to exercise reasonable care."  (*Ibid*.)  That is, as to districts, the statute changed unclear liability that might be based on *teacher* fault to specific standards based on a *district's* actions.

§§ 835 & 835.4 [dangerous conditions]; Gov. Code § 845.6 [failure to summon medical care for a prisoner]; see also Pen. Code § 847 [immunity for lawful arrests unless no reasonable cause to believe lawful]; Gov. Code § 815.6 [liability for breaches of mandatory duties absent reasonable diligence].)  The natural reading of section 44808 aligns with these statutes, which clarify liability standards even if they do not protect public entities in all situations.

Third, the second paragraph of section 44808 adds to the oddity of the district's view that the "reasonable care" clause refers to the "specific undertaking" situation, rather than providing an independent basis of liability.  The second paragraph limits liability for a district's "specific undertaking" of responsibility to the period during which the pupil is under direct supervision.  If the "reasonable care" provision had also been meant to qualify that situation, the natural place for it would be in that paragraph.

Fourth, the companion provision in Education Code section 44808.5 bolsters the idea that under section 44808, school district negligence can lead to liability for off-campus injuries.  That provision immunizes districts for allowing high school students to leave campus for lunch, protecting them from liability "during such time as the pupil has left the school grounds."  (Ed. Code, § 44808.5.)  That provision would be unnecessary if section 44808 already immunized the district from off-campus damages resulting from negligence where the district had not specifically assumed responsibility.

7

Fifth and finally, a district's liability is limited by the concept of proximate cause. (*Hoyem*, *supra*, 22 Cal.3d at pp. 520-523.) Just because section 44808 does not immunize a district for an off-campus injury that allegedly was caused by the district's lack of reasonable care does not mean that the injury was closely enough connected to the district's on-campus negligence to warrant liability. Such a case perhaps might occur where a student committed suicide at home that allegedly had a connection to bullying at school. (See *Vallejo City*, *supra*, 118 Cal.App.5th 139.)

Cases like this one, however, involve harm inflicted directly by a school employee. "[A] public school district may be vicariously liable under [Government Code] section 815.2 for the negligence of administrators or supervisors in hiring, supervising and retaining a school employee who sexually harasses and abuses a student." (*C.A. v. William S. Hart Union High Sch. Dist.* (2012) 53 Cal.4th 861, 879.) The principle at issue here—even if not the provable facts—allows liability where " '[a]n administrator. . .hires a known child molester as a guidance counselor and fails to provide adequate training, supervision, or termination when faced with ongoing sexual misconduct.' " (*Id*. at p. 874.)

Under the district's view, if a district knows that a teacher or coach may be sexually assaulting a student, its liability turns on where the assault occurs. If the assault occurs in a classroom or the school's athletic field, the school is liable, but if the assault happens at the teacher's home after hours, the district is not liable. As *Hoyem* recognized, though, the "defendant's emphasis on the *situs of the injury* is totally

8

misplaced." (*Hoyem*, *supra*, 22 Cal.3d at p. 515.)  Under both the statute and *Hoyem*, the relevant question is not where the injury occurred but whether the district was negligent.

RAPHAEL
J.